UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CAROL LUCANIA,

                Petitioner,

-against-

UNITED STATES of AMERICA,

                Respondent.
------------------------------------------------------X

**MEMORANDUM & ORDER**

00 CV 4817 (RJD)

DEARIE, District Judge.

    Petitioner, pro se, challenges her sentence pursuant to 28 U.S.C. § 2255. Petitioner also moves, pursuant to the Advisory Committee Note to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, for reassignment of her petition to a different court on grounds of bias. For the reasons set forth below, petitioner's motions are denied and the petition is dismissed.

## Background

    On August 26, 1997, petitioner pled guilty to accessory to murder in violation of 18 U.S.C. § 3. Prior to sentencing, plaintiff obtained new counsel, Alan Seidler, who submitted a letter-brief to the Court requesting that petitioner receive credit at sentencing for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and downward departures for duress and coercion pursuant to U.S.S.G. § 5K2.12, aberrant conduct pursuant to U.S.S.G. Chap. 1, Pt. A, 4(d), and a combination of factors under U.S.S.G. § 5K2.0. See Letter from Alan Seidler to the Court (June 30, 1998). On July 31, 1998, the Court rejected counsel's arguments and sentenced petitioner to 100 months imprisonment, three years supervised release, and a $50 assessment.

    On appeal, Mr. Seidler filed an Anders brief, and the government moved for summary affirmance. Petitioner filed a pro se motion seeking to withdraw the Anders brief and submit an

appeal. On April 19, 1999, the Court of Appeals denied the government's motion for summary affirmance and directed the parties to brief two issues: (1) whether the government breached the plea agreement by opposing credit for acceptance of responsibility and (2) whether a factual basis for the plea existed. Petitioner was appointed new counsel for the appeal. The Court of Appeals affirmed the conviction by summary order on November 3, 1999. Plaintiff timely filed this petition on May 11, 2000. On December 3, 2002, plaintiff moved for reassignment of her petition to a different court on grounds of bias pursuant to the Advisory Committee Note to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## Discussion

Petitioner argues that she was denied effective assistance of counsel. Specifically, petitioner contends that counsel failed to request credit at sentencing for acceptance of responsibility for the offense, duress and coercion, and aberrant behavior. However, it is clear from the record that Mr. Seidler made these requests, arguing for a decreased sentence on these grounds in his letter-brief and at oral argument. See Sentencing Tr. 3-5, 9-10. Petitioner's real complaint appears to be with the sentencing result and not the representation she received. Because she has not established "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant," Roe v. Flores-Ortega, 528 U.S. 470, 476-477 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)), petitioner's claim that she received ineffective assistance of counsel must be rejected.

To the extent that petitioner argues that her sentence was improperly calculated, her claims are not cognizable on habeas review. See United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) ("[A] collateral attack on a final judgment in a federal criminal case is generally available

under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" (quoting Hill v. United States, 368 U.S. 424, 428 (1962))). Furthermore, the Second Circuit affirmed the Court's refusal to grant petitioner a downward adjustment for acceptance of responsibility. See United States v. Salerno, 199 F.3d 1324 (2d Cir. 1999). Petitioner's claim is therefore procedurally barred. United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) ("A § 2255 motion may not relitigate issues that were raised and considered on direct appeal.").

Finally, petitioner's motion for reassignment of this matter to a different court is without merit. Just as petitioner alleged ineffective assistance where counsel's arguments were unsuccessful, petitioner alleges bias where the Court did not find in her favor. "All a reasonable and objective observer would perceive in this case is a litigant disappointed by a trial judge's rulings, [which] has never been sufficient to require recusal." Bishop v. United States, No. 04 Civ. 3633, 2004 U.S. Dist. LEXIS 12414, at *3 (S.D.N.Y. June 29, 2004).

## Conclusion

For the reasons discussed, the motion to vacate, set aside, or correct the sentence and the motion for reassignment are denied and the petition is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       May 12, 2006

RAYMOND J. DEARIE
United States District Judge

3